# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

August 31, 2021

Lyle W. Cayce
Clerk

No. 20-60277
Summary Calendar

ANA RUTH AGUILAR-DE MARTINEZ; SAMUEL VLADIMIR
MARTINEZ-AGUILAR; PAMELA NICOLE MARTINEZ-AGUILAR;
KEREN EUNICE MARTINEZ-AGUILAR,

*Petitioners*,

*versus*

MERRICK GARLAND, *U.S. Attorney General*,

*Respondent*.

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A209 305 288
BIA No. A209 305 289
BIA No. A209 305 296
BIA No. A209 305 297

Before DAVIS, JONES, and ELROD, *Circuit Judges*.

PER CURIAM:*

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 20-60277

Ana Ruth Aguilar-De Martinez and her derivative beneficiaries, Samuel Vladimir Martinez-Aguilar, Pamela Nicole Martinez-Aguilar, and Keren Eunice Martinez-Aguilar, are native and citizens of El Salvador. They petition for review of the decision of the Board of Immigration Appeals (BIA) dismissing their appeal of the denial by the immigration judge (IJ) of their applications for asylum, withholding of removal, and protection under the Convention Against Torture (CAT).

We review the decision of the BIA and will consider the IJ's decision only to the extent it influenced the BIA. *Shaikh v. Holder*, 588 F.3d 861, 863 (5th Cir. 2009). Questions of law are reviewed de novo and factual findings are reviewed for substantial evidence. *Id.* Under the substantial evidence standard, "[t]he alien must show that the evidence was so compelling that no reasonable factfinder could conclude against it." *Wang v. Holder*, 569 F.3d 531, 537 (5th Cir. 2009).

Aguilar-De Martinez asserts, for the first time on appeal, that under *Pereira v. Sessions*, 138 S. Ct. 2105 (2018), the IJ lacked subject-matter jurisdiction because the Notices to Appear failed to specify the date and time of the initial hearing. We lack jurisdiction to consider Aguilar-De Martinez's unexhausted claim. *See Pierre-Paul v. Barr*, 930 F.3d 684, 690–92 (5th Cir. 2019), *abrogated in part on other grounds by NizChavez v. Garland*, 141 S. Ct. 1474 (2021); *Flores-Abarca v. Barr*, 937 F.3d 473, 477–78 (5th Cir. 2019).

Next, Aguilar-De Martinez challenges the BIA's denial of her applications for asylum and withholding of removal, contending that the BIA erred in concluding that she failed to establish a nexus between the alleged persecution and a statutorily protected ground. Aguilar-De Martinez's brief does not address the BIA's conclusion that her proposed particular social groups were not cognizable. *See Orellana-Monson v. Holder*, 685 F.3d 511, 519 (5th Cir. 2012). Accordingly, Aguilar-De Martinez has abandoned review of

the issue. *See Soadjede v. Ashcroft*, 324 F.3d 830, 833 (5th Cir. 2003). Because she does not argue that the evidence would compel a reasonable factfinder to conclude that her proposed particular social groups were cognizable, she fails to show that the BIA erred in dismissing her appeal from the denial of her applications for asylum and withholding of removal. *See Orellana-Monson*, 685 F.3d at 519; *Majd v. Gonzales,* 446 F.3d 590, 595 (5th Cir. 2006). We need not consider Aguilar-De Martinez's nexus argument.

Finally, Aguilar-De Martinez asserts that the BIA erred in denying her application for protection under the CAT. She maintains "that the constant and menacing threats of the gangs, of which her children were aware, resulted in a mental health diagnoses of hyperactivity disorder and depression in her children." According to Aguilar-De Martinez, "[t]his intentional infliction of mental harm is sufficient to meet the broad definition of torture." Because this argument was not raised before the BIA or addressed by the BIA, we lack jurisdiction to consider it. *See Omari v. Holder*, 562 F.3d 314, 319 (5th Cir. 2009).

Accordingly, the petition for review is DISMISSED IN PART and DENIED IN PART.